UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20309-CV-GAYLES

**BRITTANY PERRICONE**, Individually
And as Personal Representative for the
Estate of JOHN PERRICONE, deceased,

    Plaintiff,

vs.

**CARNIVAL CORPORATION**, **DR. JOSE FRANCISCO FERNANDEZ**, **GIRIJA PILLAY**, and **DOCTOR DOE(S)**, and **NURSE DOE(S)**,

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** came before the Court upon Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law or, In the Alternative, Motion to Strike Impermissible Claims for Damages and Individual Claim of Brittany Perricone ("Motion") [ECF No. 6], filed on April 3, 2015. On April 27, 2015, Brittany Perricone ("Plaintiff") filed her Response in Opposition to the Defendant's Motion [ECF No. 9], to which Carnival timely filed its Reply on May 7, 2015 [ECF No. 10]. Upon review of the Motion, Response, Reply, and Complaint, the Motion is **GRANTED IN PART** and **DENIED IN PART.**

## FACTUAL BACKGROUND[1]

Around February 19, 2014, John Perricone was a passenger on Defendant's ship, the Carnival Elation. [ECF No. 1 at ¶ 26]. During the trip, Mr. Perricone became ill and was taken to

---

[1] For the purposes of the motion to dismiss, the court takes the plaintiff's factual allegations as true. *Brooks v. Blue Cross v. Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

the ship's medical center complaining of shortness of breath and pain in his left side. [*Id*. at ¶ 27]. There, Dr. Jose Francisco Fernandez and Nurse Girija Pillay, among others (collectively "Medical Defendants"), examined him. [*Id.* at ¶ 28]. Even though it was determined that his oxygen was low, there was a delay in providing Mr. Perricone oxygen. [*Id.* at ¶ 28a]. There was also a delay in taking his blood pressure due to malfunctioning equipment. [*Id.* at ¶ 28b–c].

Medical personnel never took Mr. Perricone's temperature. [*Id.* at ¶ 28d]. Though Medical Defendant(s) checked his lungs and determined his lower left lung was unclear, they were unable to take x-rays of Mr. Perricone's lungs and took no further action. [*Id.* at ¶ 28e]. Medical Defendant(s) decided to wait until the next port of call to determine the extent of Mr. Perricone's injuries, but he died before the ship's arrival. [*Id.* at ¶ 28g].

Plaintiff asserts that the equipment on the ship lacked alarms that could alert medical personnel if Mr. Perricone became unresponsive. [*Id.* at ¶ 28h]. Plaintiff further asserts that the Medical Defendant(s) failed to properly monitor his vital signs. [*Id.* at ¶ 28i]. According to Plaintiff, they also delayed in intubating Mr. Perricone, and when Medical Defendant(s) did perform the procedure, they intubated him improperly. [*Id.* at ¶ 28j–k]. Finally, Plaintiff claims that Medical Defendant(s) improperly administered chest compressions and used the incorrect gauge of needle in attempting to check if there was any air around Mr. Perricone's heart. [*Id.* at ¶ 28m].

## PRODECURAL HISTORY

Plaintiff filed the Complaint, individually and as personal representative for Mr. Perricone's estate, on January 28, 2015, alleging five counts pertaining to Carnival.[2] Count I alleges Negligence against Carnival for failure to timely evacuate Mr. Perricone and for its hiring

---

[2] The Complaint also contains two negligence counts, Count IV against the ship doctors and Count V against the ship nurses ("Medical Defendants").

and retention practices regarding its doctors and nurses. [*Id.* at 11]. Count II alleges Negligence against Carnival under the vicarious liability theory of *Respondeat Superior*. [*Id.* at 15]. Count III alleges Negligence against Carnival under the vicarious liability theory of Apparent Agency. [*Id.* at 19]. Count VI alleges a cause of action under the Death on the High Seas Act against All Defendants. [*Id.* at 28]. Finally, Count VII requests the application of Panamanian law through the Death on the High Seas Act ("DOHSA"). [*Id.* at 30].

Carnival then filed the present Motion seeking dismissal of all counts for failure to state a claim and for being a "shotgun" pleading. [ECF No. 6 at 8–11]. Carnival requests dismissal of Count VI arguing that DOHSA is a jurisdictional statute and does not offer a cause of action *per se*. [*Id.* at 4]. Additionally, Carnival seeks dismissal of Count VII because DOHSA forbids the application of foreign law to wrongful death claims on the high seas. [*Id.* at 5]. In the alternative, Carnival requests that the Court strike all requests for non-pecuniary damages, damages brought for the benefit of Mr. Perricone and his estate, and claims of Brittany Perricone as an individual. [*Id.* at 13–15].

In response, Plaintiff asserts that Carnival's reading of the Complaint is overly formalistic and that Count VI should be read as a negligence claim brought under DOHSA. [ECF No. 9 at 5]. Second, Plaintiff argues that a decision regarding the applicability of United States or Panamanian law requires a choice-of-law analysis which would be premature at the motion to dismiss stage. [*Id.* at 6]. Plaintiff also denies that the Complaint is a shotgun complaint. [*Id.* at 6-7]. Finally, Plaintiff concedes that if general maritime law applies, DOHSA forbids the recovery of non-pecuniary damages, damages brought for the benefit of Mr. Perricone and his estate, and claims of Brittany Perricone as an individual. [*Id.* at 10]. However, Plaintiff asserts that these pleadings are "in the alternative" and are applicable only if the Court concludes, after a choice-

of-law analysis, that Panamanian law applies. [*Id.* at at 11].

## ANALYSIS

**I.   All Counts Successfully State a Claim for Relief**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 678.

Here, Plaintiff has alleged that Medical Defendant(s) owed Mr. Perricone a duty of reasonable care under the circumstances; alleged specific facts (detailed in the Factual

Background above) detailing a breach of that duty; and asserted that that these negligent actions caused Mr. Perricone's death. Plaintiff imputes the negligence of Medical Defendant(s) to Carnival based on vicarious liability in Counts II and III. As to the negligence committed by Carnival itself, Plaintiff alleges that Carnival owed Mr. Perricone a duty of reasonable care under the circumstances; that Carnival breached this duty by, *inter alia*, maintaining an "unrealistic" number of medical staff, failing to divert the ship or evacuate Mr. Perricone, and failing to hire properly qualified doctors; and that these negligent actions caused Mr. Perricone's death. [ECF No. 1 at 11–14]. In short, Plaintiff's Complaint contains all the requisite legal allegations to maintain a negligence claim. *See Tello v. Royal Caribbean Cruises, Ltd.*, 939 F. Supp. 2d 1269, 1275 (S.D. Fla. 2013) ("To plead negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm.") (internal citation omitted).

Additionally, Plaintiff's complaint contains sufficient factual allegations to make the claim plausible on its face. The Court is mindful that important facets of the case, such as the determination of the illness from which Mr. Perricone died, are unresolved. However, the Court is also "mindful that parties are not required to demonstrate that they can prove their allegations at the pleading stage." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).  Therefore, Defendant's Motion to Dismiss Counts I, II, III, VI, and VII for failure to state a claim is denied.

## II. Plaintiff's Complaint is Not a Shotgun Pleading

A shotgun complaint is commonly characterized by a plaintiff's incorporation of previous counts' allegations, by reference, and results in superfluous information in several counts. *See,*

5

*e.g., Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 133 (11th Cir. 1998) ("These types of cases invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief and are incorporated by reference to previous counts in the complaint. . . ."). Though the Eleventh Circuit has consistently condemned shotgun pleadings, the Court has also cautioned that dismissal of a claim should be the last resort. *Bailey v. Janssen Pharmaceutics, Inc.*, 288 Fed. App'x 597, 603 (11th Cir. 2008) ("When faced with a shotgun complaint, we have encouraged defendants to make motions for more definite statements or courts to demand repleader[ ]and not, as the case were, to dismiss a complaint with prejudice."); s*ee also Andersen v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 & n.5 (11th Cir. 1996) (declaring that defendants are "expected" to move for a more definite statement).

Carnival requests that the Court dismiss the Complaint because it is a shotgun pleading. But as discussed above, even if the Court were to agree with Carnival, dismissal with prejudice is not proper at this stage of the proceedings. However, the Court finds that the present Complaint is not a shotgun pleading. Under each count, the Complaint incorporates by reference paragraphs 1–29, which detail the allegations of negligence against the Medical Defendants. These paragraphs are key to each count of negligence, and any allegations that are relevant only to the specific count are subsequently detailed in their respective counts. This is not a situation where the Complaint is difficult to understand because each claim is repleaded in every count or where Plaintiff's referencing back is disorganized and incomprehensible. *Cf Cesnik v. Edgewood Baptist Church¸* 88 F.3d 902, 905 (11th Cir. 1996) (describing the complaint as a shotgun pleading because Count One "purport[ed] to plead at least nine discrete theories of recovery"; Count Two alleged breach of contract, fraud, and all the causes of action already plead in Count

6

One; and Count Three alleged up to five distinct causes of action.). Therefore, Carnival's Motion to Dismiss Counts I, II, III, VI, and VII for being shotgun pleadings is denied.

### III. DOHSA Establishes a Cause of Action for Wrongful Death

Courts have consistently held that DOHSA establishes a cause of action for wrongful death and is not merely a jurisdictional statute. In fact, prior to the passage of DOHSA, general maritime law did not recognize a cause of action for wrongful death. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 23–24 (1990) ("In 1920, Congress enacted two pieces of legislation creating a wrongful death action for most maritime deaths. The Jones Act . . . created a wrongful death action in favor of the personal representative of a seaman killed in the course of employment. The Death on the High Seas Act . . . created a similar action for the representative of anyone killed on the high seas."); *Dooley v. Korean Air Lines Co.*, 524 U.S. 116, 121–22 (1998) ("DOHSA provides a cause of action for the death of a person . . . caused by wrongful act, neglect, or default occurring on the high seas.") (internal quotation marks omitted). Both DOHSA and the Jones Act provide for relief for negligence on the high seas. *See Complaint of Am. Dredging Co.*, 873 F. Supp. 1539, 1546 (S.D. Fla. 1994), *aff'd sub nom. Am. Dredging Co. v. Lambert*, 81 F.3d 127 (11th Cir. 1996).

Carnival claims that DOHSA is merely a jurisdictional statute that authorizes an admiralty action under a cognizable legal theory when someone dies on the high seas. [ECF No. 6 at 3]. Carnival argues that since Plaintiff's Count VI is titled "Death on the High Seas Act 46 U.S.C. Sections 30301-30308, Against All Defendants," and does not contain language that states a separate cause of action, Plaintiff has failed to state a claim. In support, Carnival relies on two cases: *Barnett v. Carnival Corp.*, No. 06-22521-CIV-OSULLIVAN, 2007 WL 1746900, at *2 (S.D. Fla. June 15, 2007) and *American Dredging Co.,* 873 F. Supp. at 1546.

7

In *Barnett,* the court stated that DOHSA "is a jurisdictional federal statute that allows a representative of anyone who perishes on the high seas to bring a cause of action against a defendant for 'a theory of recovery cognizable by a court sitting in admiralty jurisdiction.'" 2007 WL 1746900, at *2 (quoting *Best v. Honeywell, Inc*, 491 F. Supp. 269, 270 (D. Conn. 1980)). Carnival implies that this passage leads to the conclusion that without stating a separate cause of action, a complaint would fail for failure to state a claim. However, the *Best* court is clear that "[t]he admiralty has jurisdiction over any tort occurring on navigable waters . . . [and] the court clearly has admiralty jurisdiction over the tort-based theories of recovery." *Best*, 491 F. Supp. at 271. Moreover, the *Barnett* court reads the complaint as "essentially seek[ing] damages for negligence under admiralty law." 2007 WL 1746900, at *2.

Carnival also relies on the following quotation from *American Dredging*, "DOHSA does not distinguish between legal theories under which a claimant might sue," to reemphasize that Plaintiff failed to state a claim as DOHSA is merely jurisdictional. *Am. Dredging*, 873 F. Supp. at 1546. However, Carnival has taken that passage out of context. A quotation that would accurately portray the court's message would be the following:

> As a starting point, the Court will consider two statutes that have bearing on the precise issue in this case. The Death on the High Seas Act . . . creates a wrongful death cause of action for a representative of *anyone* killed on the high seas . . . . DOHSA does not distinguish between legal theories under which a claimant might sue. That is, a claimant can bring a cause of action based on either negligence or unseaworthiness under DOHSA. . . . The Jones Act . . . creates a wrongful death action *grounded in negligence* for a personal representative of a *seaman* who died in the course of employment. . . . It does not create a cause of action for the deaths of non-seamen nor for suits brought under theories other than negligence.

*Id.* (internal citations omitted). In that passage, the court in *American Dredging* distinguished the permissible causes of actions under DOHSA and the Jones Act. Contrary to Carnival's assertions, that court did not find that DOHSA was merely a jurisdictional statute.

While it may be true that the word "negligence" does not appear in Count VI's title, Plaintiff does assert that Carnival owed Mr. Perricone a duty of reasonable care under the circumstances, that Carnival breached that duty, that Mr. Perricone died, and that his death was "a result of the **negligence** of Defendants." [ECF No. 1 at 30] (emphasis added). These allegations, tied with the fact that "virtually all DOHSA claims sound[] in negligence," *Miles*, 498 U.S. at 25, reinforce the notion that Plaintiff is in fact asserting a DOHSA claim under the theory of negligence. Carnival is asking the Court to take an overly formalistic approach to Count VI. Accordingly, Carnival's Motion to Dismiss Count VI is **DENIED**.[3]

### IV. DOHSA is the Exclusive Remedy

Where an action for wrongful death exists under DOHSA, the statute provides the "exclusive remedy". *Dooley*, 524 U.S. at 116; *see also Ridley v. NCL (Bahamas) Ltd.*, 824 F. Supp. 2d 1355, 1360 (S.D. Fla. 2010). Whether DOHSA is the applicable law is determined by the location where the negligence occurred. *Id.* As long as the wrongful act, neglect, or default occurred on the *high seas*, DOHSA applies and preempts all other remedies. *Dooley*, 524 U.S. at 119, 123; *see also Lasky v. Royal Caibbean Cruises, Ltd.*, 850 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012) ("As a preliminary matter, it is well-settled that where DOHSA applies, it preempts all other forms of wrongful death claims under State or general maritime law.").

Plaintiff seeks relief under DOHSA, or in the alternative, requests that the Court apply Panamanian Law via Section 30306 of DOHSA, which reads:

---

[3] The Court can address Carnival's argument that Count I and Count VI are duplicitous at summary judgment.

> When a cause of action exists under the law of a foreign country for death by wrongful act, neglect, or default on the high seas, a civil action in admiralty may be brought in a court of the United States based on the foreign cause of action, without abatement of the amount for which recovery is authorized.

46 U.S.C.A. § 30306. However, the Supreme Court has already upheld the proposition that § 30306 (Previously § 764) was intended to prevent owners of foreign vessels from using U.S. statutes to limit their liability where their foreign law already applied. *Dooley v. Korean Air Lines Co., Ltd.,* 117 F.3d 1477, 1484 (D.C. Cir. 1997), *aff'd* 524 U.S. 116 (1998). Yet, Section 30306 and foreign law "play no role once a court determines that U.S. law governs an action." *Id.* at 1485.

In light of this, Plaintiff asserts that whether DOHSA or Panamanian law applies is a choice of law issue that is not properly decided at the motion to dismiss stage. Here, Plaintiff does not dispute that the injury occurred on the high seas (*i.e.*, beyond a marine league of a requisite territory). *See* [ECF No. 1 at ¶ 13] ("The causes of action asserted in this Complaint arise under the General Maritime Law of the United States."); [*Id.* at ¶ 28g] ("Mr. Perricone never made it to the next port of call because he died."). Moreover, a determination of DOHSA's applicability at an early stage in litigation is preferable. *See Ridley*, 824 F. Supp. 2d at 1360. Therefore, the Court concludes that DOHSA does apply and is the exclusive remedy. Accordingly, Defendant's Motion to Dismiss Count VII of the Complaint is granted.[4]

## CONCLUSION

Based on the Court's forgoing analysis, it is accordingly

**ORDERED AND ADJUDGED** that the Motion to Dismiss [**ECF No. 9**] is **GRANTED IN PART** and **DENIED IN PART** as follows:

---

[4] Because 1) the ability to recover non-pecuniary damages and damages brought for the benefit of John Perricone and its estate and 2) to sue in an individual capacity are contingent on the application of Panamanian law, these claims are stricken as moot.

1) Defendant's Motion to Dismiss Counts I, II, III, VI, and VII for failure to state a claim is **DENIED**;

2) Defendant's Motion to Dismiss Counts I, II, III, VI, and VII for being shotgun pleadings is **DENIED**;

3) Defendant's Motion to Dismiss Count VI for failure to state a claim is **DENIED**;

4) Defendant's Motion to Strike Count I as duplicitous is **DENIED without prejudice**;

5) Defendant's Motion to Dismiss Count VII is **GRANTED**; and

6) Plaintiff's claims for non-pecuniary damages and damages brought for the benefit of John Perricone and his estate, as well as the individual claims of Brittany Perricone, are **STRICKEN as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 24th day of March, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
      All Counsel of Record